UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| SALAH SALEM SARSOUR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:26-cv-00224-JPH-MKK |
| | ) | |
| BRISON SWEARINGEN, | ) | |
| TODD LYONS, | ) | |
| MARKWAYNE MULLIN, | ) | |
| MARCO RUBIO, | ) | |
| TODD BLANCHE, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

**ORDER STAYING CASE**

Respondents ask the Court to stay this case pending the outcome of their interlocutory appeal. Dkt. [69]. Petitioner Salah Salem Sarsour opposes the request and asks the Court to let this case proceed to discovery. For the reasons below, Respondents' motion is **granted**. Dkt. [69].

**I. Background**

Earlier this year, Mr. Sarsour, a lawful permanent resident of the United States, was placed in removal proceedings and detained pending the resolution of that case. He was held at the Clay County Jail in Indiana, and he filed a petition for writ of habeas corpus in this district, arguing that his detention was unlawful. Dkt. 1. The petition remains pending.

On June 18, 2026, the Court granted a motion for Mr. Sarsour's release pending the adjudication of his habeas petition, finding that the Court has jurisdiction to adjudicate the petition and that Mr. Sarsour had satisfied the

requirements for release under the standard established in *Mapp v. Reno*, 241 F.3d 221, 230 (2d Cir. 2001). Dkt. 55. Respondents appealed that decision on August 16, 2026, dkt. 64, and now ask the Court to stay the present case until the appellate case is decided, dkt. 69.

**II. Legal Standard**

"An appeal, including an interlocutory appeal, 'divests the district court of its control over those aspects of the case involved in the appeal.'" *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). However, the district court retains jurisdiction over aspects of the case not on appeal. *Kusay v. United States*, 62 U.S. 192, 194 (7th Cir. 1995). Even where a stay is not mandatory, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The party seeking a discretionary stay bears the burden to show "that circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 434 (2009).

**III. Analysis**

Respondents argue that a stay is appropriate under either *Griggs* or the discretionary standard. Mr. Sarsour contends that a stay is unwarranted under both standards. Because a stay is appropriate even under the discretionary standard, the Court will not resolve whether *Griggs* mandates a stay.

Respondents filed an interlocutory appeal challenging this Court's subject matter jurisdiction over Mr. Sarsour's habeas petition. *See* dkt. 55 at 11, 14. The Seventh Circuit has not addressed whether district courts have jurisdiction in cases like Mr. Sarsour's, and other circuits are split on the issue. *Compare Khalil v. President*, 164 F.4th 259, 266 (3d Cir. 2026), *with Ozturk v. Hyde*, 155 F.4th 187, 208 (2d Cir. 2025) (Nathan, J., concurring), *and Suri v. Trump*, 2025 WL 1806692, *8 (4th Cir. July 1, 2025) (unreported).

If the Seventh Circuit finds that this Court lacks jurisdiction to hear this case, then Mr. Sarsour cannot proceed any further with his habeas petition. The reversal would nullify any decision this Court made in the interim. *See Kusay*, 62 F.3d at 194 ("What sense would it make to say that a district court has jurisdiction to act, but only if at some later time the court of appeals does not revise its judgment?").

Mr. Sarsour would not be overly burdened by a stay in this case. As it stands, Mr. Sarsour has been released from custody and will remain free while Respondent's appeal is pending. *See* dkt. 55. This limits the burden Mr. Sarsour may endure till his case resumes, but this is not to say that Mr. Sarsour would not be burdened at all by a delay in his suit. Mr. Sarsour, however, would also be burdened if this Court continued litigation only for the Seventh Circuit to reverse based on lack of subject matter jurisdiction.

Next, the burden on the litigants favors granting a stay. Mr. Sarsour argues that pursuing discovery in this Case would not be burdensome. *See* dkt. 70 at 5, 7. He submits that he has good cause for needing discovery and

that discovery will be targeted in nature. *Id.* Still, both parties have zealously defended their discovery positions on multiple occasions. It appears almost inevitable that the discovery dispute will result in significant motion practice requiring many hours of attorney time.

Finally, judicial economy favors granting a stay. Resolution of discovery issues and moving the case forward will require judicial resources. This Court's resources are strained due to its high caseload. If the Seventh Circuit reverses this Court, then the Court's attention would have been more prudently directed elsewhere.

Ultimately, the Court's jurisdiction to decide this case is unsettled in this circuit. This leads the Court to exercise its discretion to stay the case in the interest of judicial economy, especially since Mr. Sarsour has been granted preliminary release for the interim.

## IV. Conclusion

The Court **grants** the motion to stay, dkt. [69], **orders** that this case is **stayed** pending resolution of Respondents' interlocutory appeal, and **orders** the parties to file a joint status report within 14 days of a ruling from the Seventh Circuit.

**SO ORDERED.**

Date: 9/23/2026

James Patrick Hanlon

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email